UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ALFRED GARCIA, | ) | |
| Institutional ID No. 497211, | ) | |
| SID No. 2953489, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:10-CV-143-BG |
| RICHARD WATHEN, | ) | ECF |
| Senior Warden, *et al.*, | ) | |
| | ) | |
|       Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, plaintiff Alfred Garcia brings this civil rights action pursuant to 42 U.S.C. § 1983 seeking both monetary damages and injunctive relief for civil rights violations he contends occurred during his incarceration by the Texas Department of Criminal Justice (TDCJ). He names as defendants Warden Richard Wathen and Nurse Practitioner Sunday Wilson.

The United States District Court transferred this case to the United States Magistrate Judge for further proceedings on September 23, 2010. The undersigned thereafter reviewed authenticated records from TDCJ and on December 14, 2010, conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985). Garcia was given an opportunity to consent to the jurisdiction of the United States Magistrate Judge and chose not to do so. The undersigned now files this Report and Recommendation.

**I.**     **PRELIMINARY SCREENING**

Garcia's complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of an action brought *in forma pauperis* if the court determines that the action is frivolous

or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (2011). An action is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). An action lacks an arguable basis in law if it is based on an "undisputably meritless legal theory" and lacks an arguable basis in fact "if the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted). The court may dismiss such complaints based upon the plaintiff's allegations, testimony obtained at a *Spears* hearing, and authenticated prison records. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Wilson v. Barrientos*, 926 F.2d 480, 482-84 (5th Cir. 1991).

## II.     GARCIA'S COMPLAINT

Garcia alleges that his exposure to "free silica sand" while working within TDCJ in the 1990s caused him to develop multiple lung diseases. In his complaint, he claims that TDCJ only treats him for asthma because that is the only lung condition the TDCJ medical department has diagnosed him with, despite alleged reports from specialists outside of TDCJ written in 2000 and 2002 saying otherwise. He claims that his actual lung conditions are (1) interstitial fibrosis; (2) silicosis; and (3) asbestosis.

Garcia also contends that he was forced to work in violation of his work restrictions.[1] He claims that defendants Wathen and Wilson knew of his alleged lung conditions and medical restrictions and, despite such knowledge, he was still assigned to work as a janitor in the laundry room. He alleges that working in the laundry room exposed him to harmful chemicals and irritants, causing him to suffer further lung damage.

---

[1] Garcia alleges to have the following two work restrictions: (1) no exposure to environmental pollutants and (2) no work with chemicals or irritants.

2

## III. DISCUSSION

### A. Medical Care

To state an Eighth Amendment violation for inadequate medical care, a prisoner must show deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Easter v. Powell*, 467 F.3d 464, 464 (5th Cir. 2006) (internal quotations omitted).

A disagreement between an inmate and his physicians as to what course of treatment is appropriate for his particular condition does not establish deliberate indifference to medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A delay in medical care can only amount to an Eighth Amendment violation if there has been deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993). Authenticated medical records regarding examinations, prescribed medications, and modes of treatment may rebut a prisoner's claim of deliberate indifference. *See id.* at 193-195.

Garcia's allegations do not state a violation of his constitutional rights. In his complaint, Garcia repeatedly refers to reports written by doctors in 2000 and 2002 in which he claims to have been diagnosed with multiple lung conditions for which he has not received treatment. He stated at his *Spears* hearing that TDCJ instead chooses to rely on one particular report in which a doctor found him not to have interstitial fibrosis, silicosis, nor asbestosis. According to

3

the authenticated records from TDCJ, however, TDCJ relied on several doctor's opinions, lab tests, and x-rays in evaluating and treating Garcia's lung condition.

The records show that Garcia's lungs were frequently evaluated, and, as a result of lab tests and x-rays, Garcia was consistently diagnosed as having a single lung condition: asthma. He stated both in his complaint and at his *Spears* hearing that he received treatment for asthma, which the authenticated records confirm. His assertion that he suffers from lung conditions other than asthma amounts to a disagreement with a medical diagnosis or course of treatment, which is insufficient to state a claim under § 1983. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th. Cir. 1991); *see also Johnson v. Treen*, 759 F.2d 1236, 1238-39 (5th Cir. 1985) ("At most, Johnson claims that the prison's medical personnel have incorrectly diagnosed his illness or that their treatment has been unsuccessful. This is not sufficient to establish a genuine fact issue as to whether an eighth amendment violation occurred . . . .").

Because Garcia was seen by the medical department frequently for his lung complaints and because he received treatment for the condition the medical department diagnosed him with, it cannot be said that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Easter v. Powell*, 467 F.3d 464, 464 (5th Cir. 2006).

**B.    Work Restrictions**

**1.    Eighth Amendment**

"If prison officials knowingly put [an inmate] on a work detail which they knew would significantly aggravate his serious physical ailment such a decision would constitute

4

deliberate indifference to serious medical needs." *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989); *see also Calhoun v. Hargrove*, 312 F.3d 730, 734-35 (5th Cir. 2002) (finding plaintiff stated a claim when he alleged that he (1) had a medical condition; (2) had a set maximum work time limit; (3) the defendant knew of the limit and medical condition but made plaintiff work in excess of time limit; and (4) such work led to elevated blood pressure); *Garcia-Comacho v. Maldonado, Jr.*, 243 Fed. App'x 880, 882 (5th Cir. 2007) (finding plaintiff's allegations were sufficient to avoid dismissal under § 1915A and Fed. R. Civ. P. 12(b)(6) where he alleged that (1) he had a work restriction; (2) defendant knew of it, but made him work in violation of it; and (3) such action led to severe harm).

Garcia fails to state a constitutional claim because he did not suffer the requisite physical injury, nor the aggravation of any preexisting one. *See Jackson*, 864 F.2d at 1246; *Calhoun*, 312 F.3d at 735. According to the authenticated records, Garcia's lung condition was, among other times, evaluated soon after he was transferred from TDCJ's Montford Unit to another unit within TDCJ. The only lung condition he was diagnosed with was asthma. A report issued by a doctor with the High Plains Radiological Association that examined Garcia several months after he was transferred from the Montford Unit stated, "[T]he lungs appear slightly hyperinflated but no interstitial or focal airspace disease is seen. Specifically, no findings diagnostic for silicosis or asbestosis exposure were demonstrated." Based on the records, Garcia did not develop any new lung conditions as a result of his work assignment at the Montford Unit. Moreover, there was no indication by any medical personnel that Garcia's asthma condition was any worse than before. Because Garcia did not incur a new "injury," and because a preexisting one was not aggravated, he fails to state a constitutional claim. *See Jackson*, 864 F.2d at 1246; *Calhoun*, 312 F.3d at 735.

### 2. Fourteenth Amendment

In his complaint, Garcia alleges that his Fourteenth Amendment rights were also violated as a result of the alleged work restriction violations. The Court of Appeals for the Fifth Circuit addressed this very issue in *Calhoun v. Hargrove*. In *Calhoun*, the plaintiff, in addition to his Eighth Amendment work restriction violation claims, made claims under the Fourteenth Amendment asserting that the defendants denied him due process by failing to adhere to his medical and work restrictions. *Calhoun*, 312 F.3d at 735. The court explained, "This is really a restatement of his Eighth Amendment claim, however, and claims that are covered by such specific constitutional provisions must be analyzed under the standard appropriate to that specific provision and not under the rubric of substantive due process." *Id.*

Similar to the plaintiff in *Calhoun*, Garcia's Fourteenth Amendment claims effectively restate his Eighth Amendment claims. Therefore, analysis under the Fourteenth Amendment is not necessary in this case.

## IV. RECOMMENDATION

Based on the foregoing discussion, the undersigned recommends that the District Court dismiss as frivolous Garcia's complaint and all claims therein against all defendants pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that any pending motions be denied as moot and that the dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

## V. RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**DATED:** June 27, 2011.

NANCY M. KOENIG
United States Magistrate Judge